UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KEVIN DOOLEY KENT, in his capacity as Receiver for Broad Reach Capital, LP,** *et al.*, <br><br> **Plaintiff,** <br><br> v. <br><br> **EMPEROR GLOBAL ENTERPRISES LLP,** *et al.*, <br><br> **Defendants.** | Case No. 21–cv–13099–MCA–ESK <br><br> OPINION AND ORDER |

**KIEL, U.S.M.J.**

  **THIS MATTER** having come before the Court on defendants' motion to transfer all claims against Emperor Global Enterprises LLP (EGE LLP) to "a court in Virginia" pursuant to 28 U.S.C. §1404(a) (Motion) (ECF No. 37)[1]; and plaintiff having filed an opposition (Opposition) to the Motion (ECF No. 44); and defendants having filed a reply in further support of the Motion (ECF No. 48); and plaintiff having filed a sur-reply in further support of the Opposition (ECF No. 52 ); and the Court having heard oral argument on the Motion on October 4, 2022; and the Court finding:

  1. On June 29, 2021, plaintiff — in his capacity as the Court-appointed receiver in *SEC v. Smith* (Case No. 19-17213)[2] — commenced "this action to recover … and avoid the fraudulent transfer(s) of …[a]ssets made by" the *Smith* Defendants. (ECF No. 1 ¶¶1, 8.) Plaintiff's three-count complaint includes

---

[1] On the same day the Motion was filed, defendants filed a motion to dismiss all claims against EGE Limited (EGE Ltd.), Michael P. Michael, and Georgia Iacovou for lack of jurisdiction (Dismissal Motion). (ECF No. 36.) Pending resolution of the Motion, the Dismissal Motion was administratively terminated without prejudice. (ECF No. 47.)

[2] Of the parties named in *SEC v. Smith*, the following are relevant to this action: (1) Brenda Smith (Smith); (2) Clearview Investments LLC (CILLC); (3) TA1, LLC (TA1); and (4) Investment Consultant, LLC (Investment Consulting) (collectively, *Smith* Defendants).

claims for: (1) fraudulent transfer; (2) unjust enrichment; and (3) breach of contract.   (*Id.* ¶ 8.)

2.     Plaintiff alleges that CILLC and/or "Smith caused … to be transferred" and TA1 and Investment Consulting "transfer[red]" via three, separate transactions approximately $1.43 million to defendants for their "benefit … or at the[ir] request."   (*Id.* ¶¶ 39, 40, 72.)

3.     On April 20, 2017, EGE LLP "and/or [its] assignees" entered into a "Joint Venture Agreement" (JVA) with CILLC "and/or [its] assignees" for the purpose of "retain[ing] EGE [LLP] exclusively to represent, negotiate, secure, complete, expedite and consummate any and all negotiations for projects and investment programs on behalf of CILLC."   (ECF No. 1-8 p.2.)   Michael and Smith signed the JVA on behalf of EGE LLP and CILLC.   (*Id.*)

4.     Paragraph 32 of the JVA provides:

> EGE [LLP] and CILLC explicitly represent[,] warrant, assure and covenant to submit to the jurisdiction of the laws of the Commonwealth of Virginia (USA) in the country of the over any action or proceeding arising out of or relating to any controversy, dispute or claim of any nature and for any type of damages arising out of, in connection with or in relation to this Agreement or breach hereof, including, but not limited to, any claim based upon contract, tort or statute.   In addition to this **EGE [LLP] and CILLC explicitly represent[,] warrant, assure and covenant that all claims with respect to such action or proceeding will be adjudicated and determined in a court of Virginia and USA law**.   EGE [LLP] and CILLC irrevocably consent to the service of any and all process in any such action or proceeding by the mailing of copies of same to each [p]arty at the address specified for the mailing of notices set forth in this [a]greement. [(Purported Forum Selection Clause).]
>
> In addition[,] EGE [LLP] and CILLC warrant that they each waive any objection to the venue in the USA to any action or proceeding on the basis that said country is an inconvenient forum.   The USA law will be

>  applicable to contacts executed and to be fully performed for this transaction.   [(Waiver Clause).]
>
>  [(ECF No. 1-8 p. 16 (emphasis added).)]

5. While defendants argue that the Purported Forum Selection Clause mandates that the claims against EGE LLP be transferred to a court in Virginia (ECF No. 37-1 pp. 6, 7), plaintiff asserts that the Purported Forum Selection Clause is merely permissive and should instead be read as a choice of law provision (ECF No. 44 pp. 6, 7).   Since TA1 and Investment Consulting were not signatories to the JVA, the parties also dispute whether the Purported Forum Selection Clause is binding upon the fraudulent transfer claim.   (*Id.* pp. 24–35; ECF No. 48 pp. 12–17.)

6. A determination as to the transfer of an action to another venue is not dispositive and is thus within a Magistrate Judge's authority.   *See* 28 U.S.C. §636(b)(1)(A); Fed.R.Civ.P. 72(a).   The issue of a transfer may also be addressed before, and instead of, the issue of personal jurisdiction.   *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979) (holding that while "[t]he question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, ... a court may reverse the normal order of considering personal jurisdiction and venue"); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962) (holding that a court is authorized to address the propriety of a transfer, regardless of whether the transferor court has personal jurisdiction).   Furthermore, such a transfer will not prejudice a plaintiff as to the statute of limitations, because when actions are transferred, "the date of filing is the initial filing date in the transferor forum, even if the [action] is not docketed in the new forum until after the limitations period there has run."   *Lafferty v. St. Riel*, 495 F.3d 72, 82–83 (3d Cir. 2007).

7. "The question of the scope of a forum selection clause is one of contract interpretation."   *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 58 (3d Cir. 2018) (quoting *John Wyeth & Brother Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1073 (3d Cir. 1997)).   Therefore, a "[c]ourt 'must first look to the text of the contract to determine whether it unambiguously states the parties' intentions.'" *Kocks Crane, Inc. v. S. Jersey Port Corp.*, No. 06–00959, 2006 WL 3677803, at *2 (D.N.J. Dec. 7, 2006) (quoting *John Wyeth & Brother Ltd*, 119 F.3d at 1074). While "[a]n ambiguous contract is one capable of being understood in more senses than one," an unambiguous contract is "reasonably capable of only one construction."   *Id.* (first quoting *Am. Flint Glass Workers Union, AFL–CIO v. Beaumont Glass Co.,* 62 F.3d 574, 581 (3d Cir.1995)).   In making such a determination, a "court not only asks whether the language is clear, but also hears the proffer of the parties and determines if there are objective indicia that,

3

from the linguistic reference point of the parties, the terms of the contract are susceptible of different meanings." *Id.* (quoting *John Wyeth & Brother Ltd*, 119 F.3d at 1074).

8. Here, the use of the phrase "will" in the Purported Forum Selection Clause appears to designate a court in Virginia as the mandatory forum. *Pro Custom Solar LLC v. Freedom Forever, LLC*, No. 20-09994, 2021 WL 2177513, at *3 (D.N.J. May 28, 2021) (discussing how the use of words such as "shall" and "will" transform a forum selection clause from permissive to mandatory); *Sept. Props. LLC v. Millionaire Gallery, Inc.*, No. 18-00988, 2018 WL 4466066, at *5, 6 (E.D. Pa. Sept. 18, 2018) (finding that when a forum selection clause "does not exclude jurisdiction elsewhere," the forum selection clause is permissive).

9. The Purported Forum Selection Clause is, however, ambiguous as to whether the parties intended Virginia to be designated as the exclusive forum or if they intended all claims arising from the JVA be heard in a court that *applies* "Virginia and USA law." *See Kocks Crane, Inc.*, 2006 WL 3677803, at *2. Assuming *arguendo* that the Purported Forum Selection Clause was interpreted to mean a court in Virginia will apply "USA law," an ambiguity would still exist as to *which court* in Virginia has exclusive jurisdiction. *See id.* (determining that the phrase "in a Court of Law under the jurisdiction of the County of Camden" was too ambiguous to be enforced as a forum selection clause because the phrase was unclear as to whether it applied to the action and did not expressly specify what court in the selected county had jurisdiction); *cf. Union Steel Am. Co. v. M/V Sanko Spruce*, 14 F.Supp.2d 682, 687 (D.N.J. 1998) (finding that although the forum selection clause did not specify which entity's principal place of business established the forum, a plaintiff's inability to "be certain as to where it should bring suit does not mean that the forum selection clause no longer is mandatory").

10. Furthermore, the Waiver Clause, which immediately follows the Purported Forum Selection Clause, compounds the ambiguity. The Waiver Clause provides that "EGE [LLP] and CILLC warrant that they each waive any objection to the **venue in the USA** … on the basis that said country is an inconvenient forum." (ECF No. 1-8 p.16 (emphasis added).) While the parties cannot object to "the USA" as a forum, the parties appear to retain the right to object to a *particular forum* — such as Virginia — in "the USA" based on it being an "inconvenient forum." Accordingly, the Waiver Clause contradicts defendants' position that a court in Virginia should have exclusive jurisdiction over disputes relating to the JVA.

11. Since the Purported Forum Selection Clause is not reasonably capable of only one construction and the defendants do not assert any other basis for transfer, this action is to remain in this district. *See* 28 U.S.C. §754

4

(establishing jurisdiction over ancillary civil actions brought by a Court-appointed receiver); 28 U.S.C. §1962 (granting the issuance of nationwide process to facilitate the Court-appointed receiver's duties); *Quilling v. Cristell*, No. 304CV252, 2006 WL 316981, at *2 (W.D.N.C. Feb. 9, 2006) (noting that §§754 and 1962 were "made to facilitate judicial efficiency by permitting courts to manage claims regarding receivership property in a single forum" (quoting *Terry v. June*, No. 303CV00052, 2003 WL 22125300 at *5 (W.D.Va. Sept. 12, 2003))).

Accordingly,

**IT IS** on this  1st day of **November 2022  ORDERED** that:

1. The Motion is **DENIED**.

2. The Clerk of the Court is directed to terminate ECF No. 37.

3. A telephone status conference scheduled for **November 16, 2022 at 9:30 a.m.**  The dial in number is 1-888-684-8852 and the access code is 310-0383#.

   */s/ Edward S. Kiel*
   **EDWARD S. KIEL**
   **UNITED STATES MAGISTRATE JUDGE**